Dear Commissioner Fowler:
We are in receipt of your request for an Attorney General's opinion regarding an interpretation of Louisiana Acts 1997, No. 43 and No. 1420. You seek our opinion on the following questions:
 (1) What procedure should be followed by the parish registrars in allowing the inspection of the voter registration applications prior to January 1, 1998?
 (2) What effect, if any, does the Privacy Act have on the disclosure of social security numbers?
Louisiana Acts 1997, No. 43 amended R.S. 18:154(E), which law became effective on August 15, 1997. Prior law provided:
 E. Notwithstanding the provisions of this Section or any other law to the contrary, the registrar of voters shall not allow inspection of any voter registration applications or copies thereof unless ordered by a court of competent jurisdiction.
The new amended law provides:
 E. Notwithstanding the provisions of this Section or any other law to the contrary, the registrar of voters shall allow inspection of voter registration applications or copies thereof. However, information relating to a particular individual's declination to register to vote or information relating to the specific public assistance agency or motor vehicle office through which a particular individual registered to vote shall be confidential and shall not be used for any purpose other than voter registration.
Louisiana Acts 1997, No. 1420 amended R.S. 18:154(C), which law does not become effective until January 1, 1998. Therefore, through December 30, 1997, the present law is as follows:
 C. However, neither the registrar nor the Department of Elections and Registration shall circulate the social security numbers of registered voters on commercial lists.
On January 1, 1998, the new amended law will provide:
 C. Notwithstanding the provisions of this Section, neither the registrar nor the Department of Elections and Registration shall disclose the social security number of a registered voter or circulate the social security numbers of registered voters on commercial lists.
You are concerned with the procedure to be followed through December 30, 1997, wherein a request is made to review records in accordance with Act 43. You question whether the parish registrars are required to delete the social security number from voter registration records prior to the effective date of the new law [Act 1420], which clearly requires that they do not disclose social security numbers of registered voters.
In Attorney General Opinion Number 91-295, addressed to your former First Assistant Mr. Shine Domingue, our office opined that under the Freedom of Information Act [5 U.S.C. § 552 et seq.] and case law on the issue, the disclosure of social security numbers would clearly be an unwarranted invasion of personal privacy, and therefore, the social security numbers of persons registered to vote should be deleted from records before release for public inspection. We reaffirm this earlier opinion, and conclude that during the time period through December 30, 1997, all parish registrars should continue to follow this guidance. On January 1, 1998, the parish registrars will continue to follow this same procedure, the only difference is that the procedure is specified by state law.
With respect to your second question, we do not believe the privacy act has any effect on the disclosure of social security numbers. The Privacy Act of 1974, § 7, makes it unlawful for any federal, state or local government agency to deny any individual any right, benefit or privilege because of the individual's refusal to disclose his social security number. The Freedom of Information Act is more directly related to your concerns herein, which act is discussed in detail in our earlier opinion, No. 91-295.
We hope this opinion sufficiently addresses all of your concerns. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL:cwr
DATE RECEIVED: October 29, 1997
DATE RELEASED: